IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FAITH OLIVIA KELLER

    Plaintiff,                                    CASE NO.: 4:25-cv-00450-AW-MAF

v.

FLORIDA DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES and
DAVE KERNER, in his official capacity
as Executive Director of the Florida Department
of Highway Safety and Motor Vehicles

    Defendants.
_____/

## MOTION TO WITHDRAW AS COUNSEL

**COMES NOW**, Matthew W. Dietz, and the Disability Inclusion and Advocacy Law Clinic, pursuant to Local Rule 11.1(H) of the Northern District of Florida and Rule 4-1.16 of the Florida Rules of Professional Conduct, respectfully moves to withdraw from the representation of Plaintiff, FAITH OLIVIA KELLER, and requests 60 days stay of all deadlines for Ms. Keller to retain counsel, and states as follows:

1. Matthew W. Dietz and the Nova Southeastern University Disability Inclusion and Advocacy Law Clinic are the counsel of record

representing Plaintiff Javier Posada in the above captioned action.

2. Nova Southeastern University decided to close the Disability Inclusion and Advocacy Law Clinic as of January 30, 2026, and terminated Professor Matthew W. Dietz as of January 26, 2026. Matthew Dietz's current contract address and email is as follows:

Matthew W. Dietz, Esq.
3440 SW 76th Terr. Apt 244
Davie, FL 33328
fldislaw@gmail.com

3. Professor Dietz does not currently have current plans to move to a new entity and does not have the resources to represent Ms. Keller. As the clinic is closed, NSU is not going to continue to represent the clinic's clients.

4. The undersigned advised Plaintiff, Ms. Keller, of the need to withdraw as well as explained the Order issued on January 23, 2026.

5. Ms. Keller does not object to the withdrawal but would like the opportunity to preserve the ability amend her case. *See* Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1240 (11th Cir. 2000). This matter is a complicated Americans with Disabilities Act that include complex issues of standing, preemption, statutory construction and

disparate impact. In order to find competent counsel, Ms. Keller requires sixty days to do so.

6. Counsel, on behalf of Plaintiff, would respectfully request that this Court stay this matter for sixty days to allow Ms. Keller to retain new counsel, and if she cannot do it within that time, that she is able to file her amended complaint two weeks following the sixty days.

### Local Rule 7.1(B) Certification

Matthew W. Dietz certifies that he has conferred with the counsel for the defendants, and the defendants have no objection to this motion.

**WHEREFORE**, Matthew W. Dietz and Disability Inclusion and Advocacy Law Clinic respectfully request that he and the firm be permitted to withdraw from this action as counsel of record, and this matter is stayed for sixty days to allow Ms. Keller to find alternate counsel

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

By: */s/ Matthew W. Dietz*
Matthew W. Dietz, Esq.
Fla Bar No: 0084905
3440 SW 76th Terr., Apt. 244
Davie, FL 33328
fldislaw@gmail.com